AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v. | **ORDER OF DETENTION PENDING TRIAL** |
| DANIEL REYNOSO<br>*Defendant* | Case Number: 12-20003-13-CM-DJW |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 28, 2012

s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Daniel Reynoso
Criminal Action 12-20003-13-CM-DJW

## Part II - Written Statement of Reasons for Detention

The law provides a series of factors I have to consider in determining whether or not there are conditions of release that will assure your appearance and provide for the safety of the community.

The first factor is the nature and seriousness of the danger posed by your release. That includes whether or not it is a crime that involves narcotics. It does, so that is a negative factor.

The next factor is the weight of the evidence. There is a Grand Jury determination of probable cause so that is a negative factor.

The next factor is your history and characteristics, which include your physical and mental condition. There is nothing negative about that.

The next factor is family ties. You have family ties but it appears from the proffer that I have heard that your family has been trying to hide you as opposed to cooperating with law enforcement, so that is not a positive.

Employment is negative because it is not clear that you have actually had any employment.

The next factor is your financial resources. It is apparently unknown what financial resources you have, but at one point you are accused of having a large amount of methamphetamine that could have converted into large amounts of resources.

Length of residence in the community is positive.

Community ties are positive.

Your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is generally positive. A s your attorney has pointed out, there are no convictions.

2

The next factor is whether at the time of the current offense the person was on probation, parole, or other release. There is no indication of that.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. When you are charged with the amount of narcotics involved, the law creates a presumption that you should be detained. Your obligation then is to convince the Court that there are conditions that can be set. If you had a proposed living arrangement that would allow for electronic monitoring I would consider setting conditions of release, but the only proposal is a halfway house that cannot accommodate electronic monitoring.

Based on all these factors, I do not find that there are conditions that will adequately assure your appearance and you are going to remain detained.